## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONE L. A. KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-11-1455-M |
| v. | ) | |
| | ) | |
| JOAN MORGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint, Plaintiff alleges violations of his constitutional rights, and with the Complaint Plaintiff has filed a Motion for Leave to Proceed *In Forma Pauperis*. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Motion be denied in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the full $350.00 filing fee before being allowed to proceed in this action.

Title 28 U.S.C. § 1915(g), the "three strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

1

may be granted, unless the prisoner is under imminent danger of
serious physical injury.

This provision does not preclude the filing of a civil action by a prisoner with "three

strikes," but it eliminates the privilege of proceeding *in forma pauperis* unless the prisoner

demonstrates the "imminent danger of serious physical injury" exception. If the "imminent

danger" exception is not demonstrated, the prisoner with "three strikes" may still proceed in

a civil action or appeal by paying the full amount of the filing fee.

Taking judicial notice of the Court's records and other public records, Plaintiff has

previously filed three civil actions that were dismissed for failure to state a claim for relief

and/or as frivolous.   In Knox v. Watts, Case No. CIV-03-413-W filed by Plaintiff in this

Court, United States District Judge West entered an Order and Judgment on September 9,

2003, dismissing the action as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) for

failure to state a claim upon which relief may be granted. In Knox v. Aldridge, Case No.

CIV-10-44-JHP-SPS, the district court entered an Order and Judgment dismissing the action

under 28 U.S.C. § 1915A(b)(1).  Plaintiff appealed this decision, and in an Order entered

February 14, 2011, in Knox v. Aldridge, 412 Fed. Appx. 168, 2011 WL 489738 (10th Cir.

Feb. 14, 2011)(unpublished op.) the United States Court of Appeals for the Tenth Circuit

affirmed the district court's decision.  In the decision, the Tenth Circuit stated that "pursuant

to 28 U.S.C. § 1915(g), one strike shall be assessed against Mr. Knox for the district court's

dismissal under § 1915A" and "the dismissal of this appeal shall count as a second strike

against Mr. Knox." 412 Fed. Appx. at 171, 2011 WL 489738, at * 2. In Knox v. Bland, 632

F.3d 1290 (10th Cir. 2011), the Tenth Circuit Court of Appeals affirmed the district court's dismissal of Plaintiff's § 1983 action under 28 U.S.C. § 1915A(b)(1) as frivolous.

It is clear from the Court's records that Plaintiff is subject to the rule in 28 U.S.C. §1915(g) barring him from proceeding *in forma pauperis* in this action unless the exception set forth in the statute applies.   In his 23-page Complaint, Plaintiff alleges he is being subjected to "torture" and "food deprivation," Complaint, at 3, but Plaintiff has made no credible allegation that he is presently in danger of serious physical injury.  Because Plaintiff has not demonstrated that he is in imminent danger of serious physical injury, the exception to the application of the "three strikes" provision in 28 U.S.C. § 1915(g) does not apply. Hence, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* should be denied and the action should be dismissed unless the filing fee is paid.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 2) be DENIED and that the cause of action be DISMISSED without prejudice unless Plaintiff pays the $350.00 filing fee within twenty (20) days from the date of any order adopting this Report and Recommendation.  Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ____January 5th_____, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir.

1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    16th    day of     December    , 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE